# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## MISSOULA DIVISION

| | |
|---|---|
| TIMOTHY LONG JAW,<br><br>          Plaintiff,<br><br>    vs.<br><br>BRIAN YOUNG,<br><br>          Defendant. | Cause No.  CV 11-00025-M-DWM-JCL<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISS COMPLAINT |

This matter comes before the Court on Plaintiff Timothy Long Jaw's proposed Complaint (Dkt. 1) and Motion to Proceed in Forma Pauperis (Dkt. 5).

Permission to proceed in forma pauperis is discretionary with the Court.  *See* 28 U.S.C. § 1915(a).  Leave to proceed in forma pauperis should be granted if the affidavit sufficiently indicates the affiant cannot pay court costs and still provide the necessities of life for himself and his family.  *Adkins v. E. I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948).  "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."  *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (found to be superseded on

other grounds by reason of adoption of section 1915(e) which makes dismissal for failure to state a claim mandatory), *see, e.g., Lopez v. G.A.Smith*, 203 F.3d 1122, 1126-1127 (9th Cir. 2000).  Where a complaint fails to state "any [specific] constitutional or statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction," there is no "arguable basis in law" under *Neitzke* and the court on its own initiative may decline to permit the plaintiff to proceed and dismiss the complaint under section 1915(d).  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  Long Jaw's application should be denied because his complaint fails to establish federal subject matter jurisdiction.

## I.  STATEMENT OF CASE

### A.    Parties

Mr. Long Jaw is a prisoner currently incarcerated at Montana State Prison in Deer Lodge, Montana.  He is proceeding without an attorney.

The named Defendant is Brian Young, a federal inmate who was incarcerated at the Missoula County Detention Facility with Mr. Long Jaw.

### B.    Factual Background and Allegations

Mr. Long Jaw alleges he was assaulted by Mr. Young at the Missoula County Detention Facility on December 9, 2010.  (Court Doc. 1, p. 2).  It appears

the Mr. Long Jaw suffered a broken jaw as a result of the altercation.  Mr. Long

Jaw seeks to have Mr. Young answer to charges of aggravated assault.

## II.  ANALYSIS

Mr. Long Jaw must first establish a basis of jurisdiction in this Court.

Federal courts unlike state courts are courts of limited jurisdiction which can only

adjudicate those cases which the United States Constitution or Congress authorize

them to adjudicate.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114

S.Ct. 1673, 128 L.Ed.2d 391 (1994).  Congress has only authorized federal

jurisdiction in cases which present a federal question as set forth by 28 U.S.C. §

1331 or where there is complete diversity of citizenship and the amount in

controversy exceeds $75,000 as set forth by 28 U.S.C. § 1332.

A party seeking to invoke federal subject matter jurisdiction has the burden

of establishing that jurisdiction exists.  *Data Disc, Inc. v. Systems Technology

Associates, Inc.*, 557 F. 2d 1280 (9th Cir. 1977).  Therefore, Long Jaw must make a

prima facie showing of subject matter jurisdiction in order to maintain his claim.

*Fields v. Sedgwick Associated Risks, Ltd.*, 796 F. 2d 299, 301 (9th Cir. 1986).

In civil disputes, federal subject matter jurisdiction exists where (1)

requirements for diversity are met or (2) the complaint involves a federal question.

28 U.S.C. §§ 1332, 1331.  Long Jaw cannot establish diversity or federal question

against Mr. Young.  As such, the motion to proceed in forma pauperis should be denied and this matter dismissed for lack of subject matter jurisdiction.

## A.  Diversity Jurisdiction

Diversity jurisdiction exists in civil disputes between citizens of different states, where the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).  "Individuals are citizens of their state of domicile." *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (9th Cir. 1981).  "A person's domicile is [his/]her permanent home, where [he/] she resides with the intention to remain or to which [he/]she intends to return."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Prisoners are generally citizens of the state where they were domiciled at the time of their incarceration.  *See* 15 James Wm. Moore et al., Moore's Federal Practice ¶ 102.37(8)(a) (3d ed. 1999); *Sullivan v. Freeman*, 944 F.2d 334 (7th Cir. 1991); *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977)(for diversity purposes, prisoners pre-incarceration domicile will determine citizenship).

According to Mr. Young's criminal case, his probation supervision was transferred to Montana in May 2009.  (See Criminal Action No. 09-CR-00027-M-

DWM).[1]  Thus, Mr. Young was a resident of and considered to be domiciled in the State of Montana at the time of his incarceration.  The Montana Department of Corrections website indicates Mr. Long Jaw is a Montana resident who was born in Crow Agency, Montana.  See https://app.mt.gov/cgi-bin/conweb.  In addition, Mr. Long Jaw filed a prior civil action in this Court on December 13, 2010 indicating he was an enrolled member of the Northern Cheyenne Tribe, State of Montana, Rosebud/Bighorn Counties.  (See Civil Action No. 10-CV-00137-M-DWM, Dkt. 1, p. 5).  Based upon this information it appears Mr. Long Jaw was domiciled in Montana at the time of his most recent incarceration.  As such, Long Jaw cannot establish diversity of citizenship.  If Mr. Long Jaw was not domiciled in Montana at the time of his incarceration, he should present such information in his objections to the Court's Recommendation.

### B.  Federal Question

To state a federal claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the

---

[1]A court may take judicial notice of its own files and of documents filed in other courts.  *See, e.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998); *Rand v. Rowland*, 154 F.3d 952, 961 (9th Cir. 1998) (en banc); *Zolg v. Kelly* (*In re Kelly*), 841 F.2d 908, 911 n.1 (9th Cir. 1988).

United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Long Jaw's allegations against Brian Young do not state a cause of action arising under the Constitution, laws or treaties of the United States.  *See* 28 U.S.C. § 1331.  Rather, Long Jaw is alleging a personal injury case which would have to be brought under Montana state law.

Mr. Young is not a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42 (1988).  The Bill of Rights does not prohibit acts of private persons, *Public Utilities Comm'n v. Pollak*, 343 U.S. 451, 461-62, 72 S. Ct. 813, 96 L. Ed. 1068 (1952), however discriminatory or wrongful.  *District of Columbia v. Carter*, 409 U.S. 418, 422-23, 93 S. Ct. 602, 34 L. Ed. 2d 613 (1973).  The "color of state law" requirement is a condition precedent to stating a § 1983 claim, and arises from the specific language of § 1983 and the nature of the Fourteenth Amendment itself.  Section § 1983 regulates only state and local government conduct, it does not reach purely private conduct.  Accordingly, Long Jaw cannot establish federal question jurisdiction against Mr. Young pursuant to 28 U.S.C. § 1331.

Mr. Long Jaw does have a paragraph in his Complaint which reads, "Federal Question? State failed to secure/apply a safe environment for said Plaintiff in cause."  (Dkt. 1, p. 2 ¶ 2).  This could be construed as an attempt to state a claim

for failure to protect against the State of Montana and/or Missoula County. However, Mr. Long Jaw filed a Notice with the Court soon after filing his Complaint indicating he has filed a civil complaint in the state district court against the Missoula County Detention Center.  (Dkt. 3, p. 1).  In addition, Mr. Long Jaw's motion to proceed in forma pauperis indicates he has filed a lawsuit against Missoula County Detention Center in the Missoula County Fourth Judicial District Court regarding the same facts as those asserted in this case.

A failure to protect claim against Missoula County in this case, could have potentially given the Court federal subject matter jurisdiction but based upon Long Jaw's Notice it clearly appears he did not intend to name Missoula County in this cause of action since he has sued them separately in state court.  As there is an on-going state court action the Court is not going to infer a cause of action when it would likely raise issues of abstention.[2]

Long Jaw is not prohibited from raising his failure to protect claims in this Court in a new action.  Should he chose to do so, Long Jaw should make himself aware of the statute of limitations issues which may arise if he waits too long and

---

[2]"Under Younger-abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests."  *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 237-38, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984).

the referenced abstention issues which may arise given the pending state court action on these issues.

To the extent Long Jaw is requesting this Court to initiate federal charges against Mr. Young, that request is frivolous. Initiation of a federal criminal prosecution is a discretionary decision within the Executive Branch and is not subject to judicial compulsion. *See* 28 U.S.C. § 547(1).

## III. <u>CONCLUSION</u>

Mr. Long Jaw cannot establish federal subject matter jurisdiction in this action under either diversity or federal question. As such, the Motion to Proceed in Forma Pauperis should be denied and this matter dismissed for lack of subject matter jurisdiction. While the Court ordinarily gives litigants an opportunity to pay the $350.00 filing fee, it should not do so in this case based upon the lack of subject matter jurisdiction. Federal Rule of Civil Procedure 12(h)(3) provides that, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." A court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002), *citing Summers v. Interstate Tractor & Equip. Co.*, 466 F.2d 42, 49-50 (9th Cir. 1972); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135

(1936) (holding that the courts, on their own motion, are under a duty to raise the question of lack of federal jurisdiction at any time that such lack appears).

Based upon the foregoing the Court issues the following:

## RECOMMENDATION

Plaintiff's Motion to Proceed in Forma Pauperis (Dkt. 5) should be denied and the Complaint (Dkt. 1) be dismissed without prejudice for lack of subject matter jurisdiction.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Long Jaw may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge

may accept, reject, or modify, in whole or in part, the Findings and

Recommendations.  Failure to timely file written objections may bar a de novo

determination by the district judge and may waive the right to appeal the District

Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 15th day of March, 2011.


    /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge